IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DITIZIO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | |
| Commissioner of Social Security | : | NO. 2:08-cv-01940-LDD |

O R D E R

AND NOW, this 9th day of June 2009, upon consideration of Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion for Remand (Doc. No. 8), and Defendant's Response to Request for Review of Plaintiff (Doc. No. 9), and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo (Doc. No. 15) and Plaintiff's Objections thereto (Doc. No. 16), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. Plaintiff's Motion is DENIED;

3. The Commissioner's final decision denying disability insurance benefits and supplemental security income is AFFIRMED, pursuant to sentence four of 42 U.S.C. § 405(g).

We note that item one of Plaintiff's Objections mischaracterizes Magistrate Judge Restrepo's discussion of the Administrative Law Judge's ("ALJ") alleged failure to fully develop the record.[1]  In his Motion, Plaintiff asserts that the ALJ failed to develop the record because he

---

[1] We do not address the other items in Plaintiff's Objections here because they simply reiterate arguments that were properly considered and rejected by Magistrate Judge Restrepo in his Report and Recommendation.

did not request the files of a social worker who allegedly treated Plaintiff for depression. Plaintiff argues in his Objections that, in finding that the ALJ adequately developed the record, Magistrate Judge Restrepo "fail[ed] to take into account Social Security Ruling (SSR) 06-03p." (Pl.'s Objections 3.) However, in rejecting Plaintiff's argument on this issue, Magistrate Judge Restrepo specifically cited a case that referenced and explained SSR 06-03p. (Report & Recommendation 7-8 (citing Smith v. Astrue, No. 08-347, 2008 U.S. Dist. LEXIS 90594, at *26-25 n.16 (W.D. Pa. Nov. 6, 2008)). We find that his application of the relevant law was correct. SSR 06-03p explains that social workers are not included in the category of "acceptable medical sources." Social Security Ruling 06-03p, 2006 SSR LEXIS 5. Instead, they are defined as "other sources." Id. With regard to "other sources," SSR 06-03 states:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

In this case, the record shows that Plaintiff "never reported any depression, attendant feelings, or symptoms to any treating or examining doctor." (Report & Recommendation 8.) Pursuant to SSR 06-03p, the records of a social worker would have been insufficient on their own to establish a medically determinable impairment. Therefore, even if the ALJ had obtained the social worker's records, he would have been unable to find the existence of an impairment related to depression due to the lack of evidence of depression from an "acceptable medical source." For this reason, the inclusion of the social worker's report in the record could not have affected the outcome of the proceeding.

In determining whether the ALJ failed to adequately develop the record, a court must decide "whether the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." Gauthney v. Shalala, 890 F. Supp. 401, 410 (E.D. Pa. 1994).  Because the ALJ's failure to obtain the social worker's files did not affect the outcome of the proceeding, Plaintiff was not prejudiced by it.  Accordingly, we find that Magistrate Judge Restrepo's decision on this issue was consistent with the applicable law.

BY THE COURT:

/S/LEGROME D. DAVIS
Legrome D. Davis, J.